

#08-300  EMR/SBR

**RECEIVED**
AUG 07 2012
JUDGE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT MOTTLOW, as Independent Executor of )
the Estate of SAMUEL MOTTLOW, Deceased, )
)
                  Plaintiff, )   No. 11-cv-00863
)
-vs- )
)   Judge Robert W. Gettleman
UNITED STATES OF AMERICA, )
)   Magistrate Judge Sheila M. Finnegan
                  Defendant. )

## PETITION TO APPROVE WRONGFUL DEATH SETTLEMENT

In the matter of the Estate of SAMUEL MOTTLOW, Deceased, Plaintiff's counsel, RUBIN, MACHADO & ROSENBLUM, LTD., by and through Plaintiff's Administrator, SOCTT MOTTLOW, respectfully states as follows:

1. SCOTT MOTTLOW is the duly appointed and qualified personal representative of SAMUEL MOTTLOW, Deceased and the Decedent's Estate has a cause of action against the UNITED STATES OF AMERICA for wrongfully causing the death of the Decedent during the course of medical treatment in May of 2008.

2. Plaintiff has filed a Complaint against the UNITED STATES OF AMERICA under the Tort Claims Act and the parties have reached a settlement of TWO HUNDRED & SEVENTY THOUSAND DOLLARS ($270,000.00). The complaint alleged theories of recovery based on both Wrongful Death and Survival; however, the damages proven deal exclusively with Wrongful Death and plaintiff believes the settlement should be allocated completely to Wrongful Death count.

3. The Decedent left surviving him as next of kin Nancy Mottlow, surviving spouse; Scott Mottlow, son; Dale Mottlow, son; Nick Mottlow, son, Maria Barrido, daughter; and Kim

Mottlow Lindahl, daughter. The Estate of SAMUEL MOTTLOW did retain the legal services of RUBIN, MACHADO & ROSENBLUM, LTD. to represent the Estate in the aforesaid claim for damages for the wrongful death of the Decedent, SAMUEL MOTTLOW, and the attorneys believe the settlement offer aforesaid is a fair and reasonable settlement of the claim for the damages for the wrongful death of the Decedent, and that it is in the best interests of the Decedent's Estate and the persons entitled to the proceeds thereof that the settlement offer of that the settlement offer of $270,000.00 be accepted and that the Defendant, UNITED STATES OF AMERICA, be forever released. (A copy of the Release is attached as Exhibit "A".)

4. Pursuant to the statute regarding legal fees in Tort Claims Act as this case was litigated, the law firm of RUBIN, MACHADE & ROSENBLUM, LTD. is entitled to a legal fee of 25% of the settlement or $67,500.00. In addition, the law firm of RUBIN, MACHADO & ROSENBLUM, LTD., spent $3,909.59 for investigation, expert, litigation and Court costs in proceeding with this matter. (A coy of the expenses is attached as Exhibit "B".)

5. The heirs of SAMUEL MOTTLOW have agreed on the distribution of the remaining $198,590.41 available for distribution after attorney's fees and costs. The heirs of SAMUEL MOTTLOW each believe that Nancy Mottlow, his wife, should receive $100,000.00 of these settlement proceeds. Further, each believes that Maria Barrido, Nick Mottlow and Scott Mottlow should be provided $3,200.00 each for their reimbursement of funeral costs of SAMUEL MOTTLOW. The remainder will be divided among the five children of SAMUEL MOTTLOW with each receiving $17,798.08. As a Probate Estate has been opened for SAMUEL MOTTLOW, it is necessary for the Court hearing the case to approve the distribution of the settlement documents.

WHEREFORE, your Movant prays that an Order be entered as follows:

a) Finding there is a settlement of the above referenced matter in the amount of $270,000.00;

b) That the settlement is fair and reasonable under the facts and circumstances of the case and attributing the damages to the Wrongful Death count.

c) Finding that the law firm of RUBIN, MACHADO & ROSENBLUM, LTD. may receive as attorneys fees one-quarter of the total settlement amount and further the sum of $3,909.59 for expenses for investigation, expert and Court costs;

d) Finding that the percentage of loss of society of the next of kin as reflected in this settlement is appropriate;

e) Dismissing the above captioned matter with prejudice.

ENTER:

AUGUST 14, 2012

_____
Judge

Respectfully submitted,

_____
Edward M. Rubin
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorney for Plaintiff
SCOTT MOTTLOW, as Independent Executor of
the Estate of SAMUEL MOTTLOW, Deceased
120 W. Madison Street, Suite 400
Chicago, Illinois 60602
(312) 327-1840
ARDC #031224662

3

_Nancy Mottlow_
_____
NANCY MOTTLOW

Subscribed and Sworn to before me this
__24th__ day of __July_____, 2012.

_Suellyn M Sidlo_
_____
Notary Public

> "OFFICIAL SEAL"
> SUELLYN M SIDLO
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES JULY 25, 2013

_____
SCOTT MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public


_____
DALE MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

_____
NICK MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public


_____
MARIA BARRIDO

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

_____
KIM MOTTLOW LINDAHL

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

_____
NANCY MOTTLOW

Subscribed and Sworn to before me this _____ day of _____, 2012.

_____
Notary Public

_____
SCOTT MOTTLOW

Subscribed and Sworn to before me this _____ day of _____, 2012.

_____
Notary Public

*[signature: Dale Mottlow]*
_____
DALE MOTTLOW

Subscribed and Sworn to before me this 27th day of July, 2012.

*[signature: Janet F. Coen]*
_____
Notary Public

OFFICIAL SEAL
JANET F. COEN
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 28, 2012

_____
NICK MOTTLOW

Subscribed and Sworn to before me this _____ day of _____, 2012.

_____
Notary Public

_____
MARIA BARRIDO

Subscribed and Sworn to before me this _____ day of _____, 2012.

_____
Notary Public

_____
KIM MOTTLOW LINDAHL

Subscribed and Sworn to before me this _____ day of _____, 2012.

_____
Notary Public

4

---

**NANCY MOTTLOW**

Subscribed and Sworn to before me this
_____ day of _____, 2012.

---

Notary Public

---

**SCOTT MOTTLOW**

Subscribed and Sworn to before me this
_____ day of _____, 2012.

---

Notary Public

---

**DALE MOTTLOW**

Subscribed and Sworn to before me this
_____ day of _____, 2012.

---

Notary Public

---

**NICK MOTTLOW**

Subscribed and Sworn to before me this
_____ day of _____, 2012.

---

Notary Public

---

*/s/ Maria Barrido*
**MARIA BARRIDO**

Subscribed and Sworn to before me this
_24_ day of _July_, 2012.

*/s/ Sarah L Marszewski*
Notary Public

[NOTARY SEAL: SARAH L MARSZEWSKI, OFFICIAL SEAL, STATE OF ILLINOIS, MY COMMISSION EXPIRES NOVEMBER 27, 2015]

---

**KIM MOTTLOW LINDAHL**

Subscribed and Sworn to before me this
_____ day of _____, 2012.

---

Notary Public

4

_____    _____[signature]_____
NANCY MOTTLOW                     SCOTT MOTTLOW

Subscribed and Sworn to before me this    Subscribed and Sworn to before me this
_____ day of _____, 2012.        __28__ day of __July__, 2012.

_____    _____
Notary Public                     Notary Public

                                  SPRING CHASTEEN
                                  NOTARY PUBLIC - MINNESOTA
                                  MY COMMISSION EXPIRES 01/31/16

_____    _____
DALE MOTTLOW                      NICK MOTTLOW

Subscribed and Sworn to before me this    Subscribed and Sworn to before me this
_____ day of _____, 2012.        _____ day of _____, 2012.

_____    _____
Notary Public                     Notary Public

_____    _____
MARIA BARRIDO                     KIM MOTTLOW LINDAHL

Subscribed and Sworn to before me this    Subscribed and Sworn to before me this
_____ day of _____, 2012.        _____ day of _____, 2012.

_____    _____
Notary Public                     Notary Public

_____
NANCY MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

_____
SCOTT MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

_____
DALE MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

_____
NICK MOTTLOW

Subscribed and Sworn to before me this
28th day of July, 2012.

[OFFICIAL SEAL
STEVEN M NAREL JR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/29/16]

_____
MARIA BARRIDO

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

_____
KIM MOTTLOW LINDAHL

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public

4

_____
NANCY MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public


_____
SCOTT MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public


_____
DALE MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public


_____
NICK MOTTLOW

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public


_____
MARIA BARRIDO

Subscribed and Sworn to before me this
_____ day of _____, 2012.

_____
Notary Public


*Kim Mottlow* _____
KIM MOTTLOW LINDAHL

Subscribed and Sworn to before me this
_23_ day of _July_, 2012.

*Amyanne Geiger* _____
Notary Public

```
OFFICIAL SEAL
AMYANNE GEIGER
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 10/25/2014
```

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT MOTTLOW, as Independent )
Executor of the Estate of SAMUEL )
MOTTLOW, Deceased, )
                                    )
                Plaintiff, )    No. 11 C 863
                                    )
      v. )    Judge Gettleman
                                    )
UNITED STATES OF AMERICA, )
                                    )
                Defendant. )

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiff and the United States of America, by and through their respective attorneys (collectively, the "parties"), as follows:

    1.    The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation").

    2.    The United States of America agrees to pay the cash sum of $270,000 (two hundred seventy thousand and 00/100) (hereinafter "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences



thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the settlement amount set forth in this Stipulation in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is

entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney fees for services rendered in connection with this action shall not exceed 25 percent of the settlement amount.

6. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event the plaintiff is a minor, a legally incompetent adult, or a representative of an Estate or of a wrongful death beneficiary, the plaintiff must obtain court approval of the settlement at his expense from a court of competent jurisdiction. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiff fails to obtain such court approval, the entire Stipulation and the compromise settlement are null and void.

7. Payment will be paid to Edward Rubin, Rubin, Machado & Rosenblum Ltd., 120 West Madison Street, Suite 400, Chicago, Illinois 60602, as counsel for plaintiff, who will assume responsibility for disbursement to Plaintiff. Plaintiff's attorney is responsible for distributing the settlement amount to the plaintiff, after paying or resolving any known lien or claim for payment or reimbursement arising out of the subject matter of this action. Plaintiff

agrees to dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

8. The undersigned each acknowledge and represent that this Stipulation contains all the terms and conditions of this compromise settlement, that no promise or representation not contained in this Stipulation has been made to them, and that this Stipulation contains the entire understanding between the parties and contains all terms and conditions pertaining to the within compromise and settlement of the disputes referenced herein.

9. The parties agree that this Stipulation and any additional documents relating to this settlement, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

GARY S. SHAPIRO
Acting United States Attorney

By:

    LASHONDA A. HUNT
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-4190
    lashonda.hunt@usdoj.gov
    **Defendant United States of America**

By:

    Edward M. Rubin
    Rubin, Machado & Rosenblum Ltd.
    20 North Clark Street
    Suite 3100
    Chicago, IL 60602
    **Attorney for Plaintiff**

By:_____
    SCOTT MOTTLOW,
    as Independent Executor of the Estate of Samuel
Mottlow, deceased
    **Plaintiff**

Dated: July ___, 2012

1:12 PM
07/17/12
Accrual Basis

# Rubin, Machado & Rosenblum Ltd.
## Custom Transaction Detail Report
### All Transactions

| Date | Num | Name | Memo | Amount | Balance |
|---|---|---|---|---:|---:|
| 5/13/2009 | 17022 | Mottlow v. U.S. #08... | Circuit Clerk of Cook County | 314.00 | 314.00 |
| 10/28/2011 | 20820 | Mottlow v. U.S. #08... | Jeffrey D. Kopin, M.D. | 500.00 | 814.00 |
| 12/23/2011 | 21079 | Mottlow v. U.S. #08... | Andrew G. Israel, M.D. | 1,137.50 | 1,951.50 |
| 3/19/2012 | 21496 | Mottlow v. U.S. #08... | Lisit Court Reporting Service, ... | 232.50 | 2,184.00 |
| 3/28/2012 | 21538 | Mottlow v. U.S. #08... | A-1 Photo, LLC | 38.33 | 2,222.33 |
| 4/18/2012 | 21636 | Mottlow v. U.S. #08... | Federal Express | 25.94 | 2,248.27 |
| 4/20/2012 | 21648 | Mottlow v. U.S. #08... | A-1 Photo, LLC | 21.90 | 2,270.17 |
| 4/20/2012 | 21649 | Mottlow v. U.S. #08... | Kwik Kopy | 90.12 | 2,360.29 |
| 4/30/2012 | 21687 | Mottlow v. U.S. #08... | Shelley Plate Reporting, Inc. | 337.00 | 2,697.29 |
| 4/30/2012 | 21687 | Mottlow v. U.S. #08... | Shelley Plate Reporting, Inc. | 521.50 | 3,218.79 |
| 5/25/2012 | 21792 | Mottlow v. U.S. #08... | Halma-Jjilek Reporting, Inc. | 294.45 | 3,513.24 |
| 7/5/2012 | 22010 | Mottlow v. U.S. #08... | Shelley Plate Reporting, Inc. | 372.50 | 3,885.74 |
| 7/10/2012 | 22028 | Mottlow v. U.S. #08... | Federal Express | 23.85 | 3,909.59 |
| Total | | | | 3,909.59 | 3,909.59 |



EXHIBIT

Page 1